IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL MEADOWS, Individually, and on Behalf of All Others Similarly Situated,** | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:16-cv-6221 <br>) |
| v. | )<br>) |
| **NCR CORPORATION** | )<br>) **(JURY TRIAL DEMANDED)** |
| Defendant. | )<br>) |

Plaintiff MICHAEL MEADOWS, individually and on behalf of all others similarly situated employees, through his counsel, bring claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), and as a Class Action pursuant to the Federal Rules of Civil Procedure, Rule 23 and in accordance with Illinois state wage and hour law against Defendant NCR Corporation, its subsidiaries and affiliates, and alleges, upon personal belief as to himself and his own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

## JURISDICTION AND VENUE

1. This action is brought as a class action for violation of the Illinois Minimum Wage Act under Rule 23, and as a nationwide collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA").

2. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that a suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction." The Representative Plaintiff has signed an opt-in consent form to join this lawsuit (Exhibit A).

3. This Court has federal question jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §1331 because Plaintiff's claim arises under the FLSA.

4. Venue is appropriate in this District under 28 U.S.C. § 1391(b) because Defendant does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

5. All conditions precedent to filing this action have been met.

## PARTIES

6. Named Plaintiff, Michael Meadows is a resident of Illinois and worked for Defendant as a non-exempt customer engineer (also known referred to as technician) during the applicable statute of limitations period. Michael Meadows was employed by Defendant as an "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1) and as an "employee" under Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/3(d)

7. Plaintiff brings this case on behalf of himself and other similarly situated employees who currently work, or who worked as "customer engineers", "technicians" or any other similarly titled position (hereinafter referred to as "technicians") at any time during the applicable statutory periods for the Defendant.

8. Defendant, NCR Corporation ("NCR") is a provider of computers products and technical support services including Automated Teller Machines ("ATM") products and services in the state of Illinois and across the nation and is an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA, and as an "employer" under Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/3(c)

2

**FACTUAL BACKGROUND**

9. Plaintiff and class members are individuals who have worked for Defendant as costumer engineers, technicians or any other similarly titled position during the statutory period. Plaintiff and class members all shared similar job titles, training, job descriptions, job requirements and compensation plans, amongst other things.

10. Defendant managed Plaintiff's and class members' work, including the amount of hours they worked. Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

11. Plaintiff and all class members were classified by Defendant as non-exempt under the FLSA and Illinois wage laws and paid an hourly rate.

12. Despite the requirement to do so, Defendant failed to keep accurate records of the time actually worked by the Plaintiff and class members.

13. Defendant violated federal and state wage laws in several common ways. First, Defendant failed to pay Plaintiff and class members for all overtime hours actually worked at a rate of 1.5 times their regular rate of pay. Second, Defendant encouraged Plaintiff and class members to perform work before the start and after the end of their scheduled shift, but did not record or pay them for such time worked. Specifically, time spent by Plaintiff and class members reviewing and responding to job assignments and emails, checking their routes; loading and unloading their vehicles with NCR equipment, parts and tools; logging mileage; documenting estimated times of arrivals ("ETA"), filling out timesheets, discounting up to 30 minutes of their first and last drives, and performing other work that was not recorded or paid by Defendant.

14. Defendant improperly failed to pay Plaintiff and class members all compensation rightfully due, including but not limited to, overtime pay, time spent working off the clock before and after the start of their scheduled shifts

15. Defendant knew, and was aware at all times, of the above mentioned violations.

16. The conduct alleged above reduced Defendant's labor and payroll costs.

17. Plaintiff and class members were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of wages and overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiff and class members in accordance with the requirements of Illinois and federal wage and hour laws, Plaintiff and class members suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATONS

18. Representative Plaintiff, Michael Meadows, brings this case as a collective action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. §216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

19. The proposed opt-in collective class of similarly situated persons is defined as:

> All individuals who were employed, or are currently employed, by NCR, as customer engineers, technicians or any other similarly titled position at any time during the relevant statute of limitations period who give their consent in writing to become party Plaintiff.

20. This action is properly maintained as a collective action because the Representative Plaintiff is similarly situated to the members of the collective class with respect to job title, job description, training requirements, job duties, Defendant's failure to pay overtime hours, time spent working off the clock, and the wage and hour violations alleged in this Complaint, amongst other things.

21.     Defendant encouraged, suffered and permitted the Representative Plaintiff and the collective class to work more than forty (40) hours per week without the proper overtime compensation.

22.     Defendant knew that the Representative Plaintiff and the collective class performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive the Representative Plaintiff and the collective class of wages and overtime compensation.

23.     Defendant's conduct, as alleged herein, was willful and has caused significant damage to the Representative Plaintiff and the collective class.

24.     Defendant is liable under the FLSA for failing to properly compensate the Representative Plaintiff and the collective class. Plaintiff request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

25.     Plaintiff estimates that there are over 3,000 members of the collective class. The precise number of collective class members can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendant's offices.

...

## CLASS ACTION ALLEGATIONS

26. Representative Plaintiff bring claims for relief on his own and as a class action pursuant to Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure. The class is defined as:

> All individuals who were employed, or are currently employed, by NCR, as customer engineers, technicians or any other similarly titled position in the state of Illinois at any time during the relevant statute of limitations period.

27. This action is properly maintainable as a class action under the FRCP because:

    a. The class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact that are common to the class;

    c. The claims or defenses of the Representative Plaintiff is typical of the claims or defenses of the class; and,

    d. The Representative Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

28. On information and belief, the total number of putative class members represents over 40 members. The exact number of class members may be determined from Defendant's records.

### Commonality

29. There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

    a. Whether Defendant failed to keep true and accurate time records for all hours worked by the class members;

    b. Whether Defendant failed to compensate class members for all the work they required, encouraged or permitted class members to perform;

    c. Whether Defendant encouraged Plaintiffs to work before the start of their scheduled shifts without pay;

    d. Whether Defendant failed to pay class members all compensation rightfully owed.

      e. Whether Defendant failed to compensate class members for all work performed in excess of 40 hours per work week with overtime premium wages; and,

      f. Whether the Defendant willfully failed to comply with state wage and hour laws.

30. Plaintiff anticipates that Defendant will raise defenses that are common to the class.

### **Adequacy**

31. The Representative Plaintiff will fairly and adequately protect the interests of the class. He has retained experienced counsel that are competent in the prosecution of complex litigation and who have experience acting as class counsel specifically in wage and hour litigation.

### **Typicality**

32. The claims asserted by the Representative Plaintiff is typical of the class members they seek to represent. The Representative Plaintiff has the same interest and suffered from the same injuries as the class members.

33. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

### **Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits**

34. The numerous common questions of law and fact set forth in the commonality discussion above predominate over individual questions because Defendant's alleged underlying activities and impact of their policies and practices affected class members in the same manner: they were subjected to a policy of suffering work without pay and improper deductions.

35. A class action is superior to other available means for the fair and efficient adjudication of this controversy because the individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for Plaintiff to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiff incorporates by reference all preceding paragraphs.

37. The Representative Plaintiff and other technicians are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

38. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

39. Plaintiff and class members worked in excess of 40 hours per week for the Defendant, but were not properly paid overtime wages in violation of the FLSA.

40. Through its actions, policies and practices, Defendant violated the FLSA by regularly and repeatedly failing to compensate the Representative Plaintiff and other technicians for all actual overtime worked at the proper rate of pay.

41. Defendant violated the FLSA by regularly and repeatedly failing to properly compensate Plaintiff and class members for the actual time they worked each week.

42. Defendant also willfully failed to pay wages, overtime pay and other benefits to the Plaintiff and class members by failing to keep accurate time records to avoid paying them overtime wages and benefits.

43. The foregoing actions of Defendant violated the FLSA.

44. Defendant's actions were willful and not in good faith.

45. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

46. Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

47. Plaintiffs are also entitled to injunctive relief to prevent Defendant from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

## COUNT II

### VIOLATION OF ILLINOIS MINIMUM WAGE LAW

48. Plaintiff incorporates by reference all preceding paragraphs.

49. Plaintiffs are members of a class that meet the requirements for certification and maintenance of a class action pursuant to Rule 23.

50. Defendant is an "employer" and Plaintiff and class members are "employees" under Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§105 *et seq*.

51. The IMWL, 820 ILCS §§105 *et seq.*, requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) of the IMWL requires employers to pay employees

1.5 their regular rate for all hours worked over 40 per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

52. Defendant violated IMWL, 820 ILCS §§105 *et seq.*, by regularly and repeatedly failing to properly compensate Plaintiff and class members for the actual time they worked each week.

53. Defendant violated IMWL, 820 ILCS §§105 *et seq.*, by failing to maintain accurate records of all hours worked by Plaintiff and class members.

54. Defendant also failed to pay overtime pay and other benefits to Plaintiff and class members.

55. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer lost wages and other damages.

56. Plaintiff and class members are also entitled to injunctive relief to prevent Defendant from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, MICHAEL MEADOWS, individually and on behalf of all others similarly situated, through their attorneys, demand judgment against the Defendant and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

    A.    Order the Defendant to furnish to counsel a list of all names, telephone numbers, addresses and e-mail addresses of all customer engineers, technicians or any other similarly titled position who have worked for the Defendant within the last three years;

B. Authorize Plaintiff' counsel to issue notice at the earliest possible time to all customer engineers, technicians or any other similarly titled position who have worked for the Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of regular wages and overtime compensation, as required by the FLSA;

C. Certify a class for Count II, of all individuals in Illinois who are currently employed and classified as non-exempt, customer engineers, technicians or similarly titled positions or were so employed and classified by the Defendant, its subsidiaries or affiliated companies as non-exempt, customer engineers, technicians or other similar positions performing similar responsibilities for the Defendant at any time during the relevant statute of limitations period.

D. Appoint Stephan Zouras, LLP as counsel for the Plaintiff;

E. Declare and find that the Defendant committed one or more of the following acts:

  i. Violated provisions of the FLSA by failing to pay regular wages, overtime wages and other benefits to Plaintiff and similarly situated persons who opt-in to this action;

  ii. Willfully violated provisions of the FLSA; and,

  iii. Violated the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.,* by failing to pay overtime wages to Plaintiff and class members.

F. Award compensatory damages, including all pay owed, in an amount according to proof;

G. Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

H. Award liquidated damages on all compensation due accruing from the date such amounts were due;

I. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

J. Grant leave to amend to add claims under applicable state and federal laws;

K. Grant leave to add additional Plaintiff by motion, the filing of written consent forms, or any other method approved by the Court; and,

L. For such further relief as the Court deems just and equitable.

Dated: June 15, 2016                    Respectfully Submitted,

                                              */s/ Ryan F. Stephan*
                                              Ryan F. Stephan
                                              Jorge A. Gamboa
                                              STEPHAN ZOURAS, LLP
                                              205 N. Michigan Avenue, Suite 2560
                                              Chicago, Illinois 60601
                                              312-233-1550
                                              312-233-1560 f
                                              www.stephanzouras.com

                                              **ATTORNEYS FOR THE PLAINTIFF**